**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Leonard Hammond Thomas & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 20 2012, 9:14 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN W. BLACK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1205-CR-209 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1202-FD-205

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin W. Black (Black), appeals his sentence for battery, a Class D felony, Ind. Code § 35-42-2-1; and resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1.

We affirm.

## ISSUE

Black raises one issue on appeal, which we restate as: Whether Black's sentence is appropriate in light of his character and the nature of his crime.

## FACTS AND PROCEDURAL HISTORY

At approximately 11:45 p.m. on February 3, 2012, forty-eight year old Black assaulted his sixty-seven year old mother, Shirley Harper (Mother), in her residence. Black kneed his Mother in her left rib cage, punched her in the right eye, and twisted her right wrist to the point she was afraid it was broken. During the assault, Mother managed to call the police. When Officer Souther of the Fort Wayne Police Department arrived at Mother's home, he noticed swelling to Mother's right eye and right wrist. Mother's glasses were bent and she had a red mark on the left bridge of her nose. Mother told the officer that Black had "threatened to kill her and blamed her for sending him to prison" because she had reported a previous battery. (Appellant's App. p. 11).

Officers Crowder and Buffenbarger located Black one block east of Mother's residence and arrested him. Because Black smelled of alcoholic beverages and was unsteady on his feet, the Officers transported him to St. Joseph's Hospital for medical

clearance. During the transport, Black threatened to kill Officer Crowder, stating "I'll kill you when I get the hell out of this lying mess." (Appellant's App. p. 11). He also mentioned his "connections with the Outlaw motorcycle gang." (Appellant's App. p 11). After the hospital gave Black a medical clearance, Black forcefully pulled away from Officer Crowder when the Officer attempted to handcuff him again.

On February 8, 2012, the State filed an Information, charging Black with Count I, battery, a Class D felony,[1] I.C. § 35-42-2-1; and Count II, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1. On March 28, 2012, Black pled guilty as charged without the benefit of a plea agreement. On April 30, 2012, during the sentencing hearing, the trial court considered:

> the following circumstances are aggravating: [c]riminal history includes 20 misdemeanors; 6 felonies, probation revoked 3 times; 4 sentences modified; revoked from work release; revoked from parole twice; 4 battery convictions; facts and circumstances of this case; prior attempts at rehabilitation have failed.
> Mitigator: [p]lea of guilty; taken responsibility.

(Appellant's App. p. 36). At the close of the hearing, the trial court sentenced Black to three years executed for his battery conviction and 1 year executed on his resisting arrest conviction, with sentences to run concurrently.

Black now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Black contends that his sentence is inappropriate in light of his character and nature of the offenses. A person who commits a Class D felony shall be imprisoned for a

---

[1] Although the State originally filed the battery as a Class A misdemeanor, Black's prior battery conviction against the same victim made the offense a Class D felony.

fixed term of between six months and three years, with the advisory sentence being one and one half years. I.C. § 35-50-2-7. A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Here, the trial court imposed the maximum sentence under the statute.

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g,* 875 N.E.2d 218 (Ind. 2007). Although a trial court may have acted within its lawful discretion in determining a sentence, Appellate Rule 7(B) provides that the appellate court may revise a sentence authorized by statute if the appellate court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.*

With respect to the nature of Black's crime, we note that Black assaulted his sixty-seven year old Mother who provided him with a place to live while he was out of prison. He kneed her in the ribs and struck her in the eye. Despite the seriousness of this offense, this was not the first time Black had assaulted his Mother; rather, this was the fourth assault and this time, he blamed her for sending him to prison for the previous assault. In addition, Black threatened to kill the police officers who came to his Mother's aid.

Turning to his character, Black reveals to have an extensive criminal history. His life of crime spans nearly three decades ranging from public intoxication to battery. Specifically, Black has multiple convictions for public intoxication, driving while intoxicated, possession of marijuana, resisting law enforcement, and four battery convictions. Despite restrictions imposed during Black's numerous periods of probation,

4

he continued to abuse alcohol and illegal drugs. Although he received substance abuse treatment on four different occasions, none of these treatments were successful.

Claiming that he does not fit in the category of "worst of the worst" offenders, Black now asserts that a reviewing court "should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced and what it reveals about the defendant's character." (Appellant's Br. p. 11, quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). Accepting Black's invitation, we fail to see how a son beating his sixty-seven year old mother for the fourth time is anything but immoral and depraved. As the trial court stated at the sentencing hearing: "I saw the photographs of what you did to your mother and with your history of battery, I don't know, I kind of look at that and I think at some point, when are you going to really hurt someone and kill them 'cause I'm sure you're stronger than she is with her age." (Transcript p. 14).

We affirm the trial court's imposition of Black's sentence.

### CONCLUSION

Based on the foregoing, we conclude that Black's sentence is appropriate in light of his character and the nature of the crime.

Affirmed.

BAKER, J. and BARNES, J. concur