**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2012, 11:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**J. CLAYTON MILLER**
Jordan Law, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH WARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1206-CR-277 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1103-FA-5

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Joseph Ward appeals his aggregate sentence of thirty-four years for Class A felony child molesting and Class C felony child exploitation. We affirm.

## ISSUE

Ward raises one issue for our review: whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

Ward lived in Wayne County with his girlfriend Melissa Dixon and her two children for six years. In March 2011, Dixon was looking through Ward's cell phone when she found a video of her daughter J.D. performing oral sex on Ward. At the time Dixon discovered the video, Ward was twenty-eight years old, and J.D. was ten years old.

When Dixon showed J.D. the video, J.D. broke down crying and told her that Ward had been forcing her to perform oral sex on him since she was seven.

Dixon confronted Ward at the American Legion, where he was playing cards. Ward initially denied it was him in the video but then blamed J.D. He claimed that, several years before, J.D. woke him up and started touching him, and when he told her to stop or he would tell Dixon, J.D. threatened to tell Dixon that Ward had molested her.

In an interview, J.D. stated that Ward had forced her to perform oral sex on him twenty to thirty times over the prior three years, with the most recent incident occurring two weeks before the interview. When she would tell Ward that she did not want to, he would yell at her to do it. The incidents usually occurred on the weekends when Dixon was working and Ward was babysitting.

The State charged Ward with Class A felony child molesting and Class C felony child exploitation. In May 2012, ten days before trial, Ward pleaded guilty to both offenses, and the trial court entered judgments of conviction. The court later imposed consecutive advisory terms of thirty years on the molesting conviction and four years on the exploitation conviction, for an aggregate sentence of thirty-four years. Ward now appeals.

<u>DISCUSSION AND DECISION</u>

Ward contends that his sentence is inappropriate. Although the trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory sentencing ranges established for the classes of the charged offenses. Ward pleaded guilty to a Class A felony and a Class C felony. The statutory sentencing range for a Class A felony is between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4 (2005). The statutory sentencing range for a Class C felony is between two and eight years, with the advisory

3

sentence being four years. Ind. Code § 35-50-2-6(a) (2005). Ward was given advisory terms, to be served consecutively, for an aggregate sentence of thirty-four years.

We next look to the nature of the offenses and Ward's character. As to the nature of the offenses, the evidence reveals that Ward forced J.D. to perform oral sex on him commencing when she was just seven years old and forced her to do so twenty to thirty times before he was caught three years later. When J.D. indicated she did not want to, Ward would yell at her. The incidents usually occurred on the weekends when Dixon left J.D. in Ward's care, custody, and control to go to work. Ward also recorded a video of J.D. performing oral sex on him. As a result of Ward's abuse, J.D. has trust, self-esteem, and anger issues and attends weekly therapeutic counseling sessions for treatment.

As to Ward's character, we acknowledge that he may have had a difficult childhood and that he has no prior convictions. We also recognize that his guilty plea, though coming shortly before trial and in the face of substantial evidence against him, saved J.D. from the embarrassment and ordeal of having to testify at trial. However, Ward's character and extended abuse of J.D. cannot be ignored. Over the course of three years, Ward repeatedly violated a position of trust to satisfy his own perversions, and, when finally confronted, he claimed that ten-year-old J.D. was to blame. Moreover, the record reveals that there were other allegations of child molestation against him, including the molestation of his youngest sister from the time she was seven until she was fourteen. According to his presentence investigation report, he is at high risk to reoffend. Further, as to his character, Ward has been unable to hold a steady job and had not worked for five or six months prior to his arrest. He is delinquent in the support of his

4

own two children and was cited for contempt in 2009 for failure to pay support. Dixon sometimes bought gifts for Ward's children when he was not working; and, on the few occasions when he did buy them gifts, he would later return the gifts for money to play cards.

Ward's sole argument is that he should be treated similarly to the defendant in *Granger v. State*, 946 N.E.2d 1209 (Ind. Ct. App. 2011), whose aggregate sentence for sex offenses involving two children was reduced from sixty years to fifty years with ten years suspended. On this basis, he asks us to revise his aggregate sentence to the minimum of twenty years.

In *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*, this Court, in commenting upon the argument that maximum sentences should be reserved for the worst offenses and offenders, concluded: "We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." The same approach applies here. Whether we conclude that a sentence is inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

For three years, commencing when J.D. was seven years old, Ward repeatedly molested her in their home while the child was left in his care and custody. He recorded at least one of the molestations on his cell phone. For these offenses and his character,

5

the court imposed consecutive advisory terms for an aggregate sentence of thirty-four years. This is far from inappropriate.

## CONCLUSION

For the reasons stated, we affirm Ward's sentence.

Affirmed.

MATHIAS, J., and PYLE, J., concur.