**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICK GRIESEHOP, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 40A01-1207-CR-385 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JENNINGS CIRCUIT COURT
The Honorable Jon W. Webster, Judge
Cause No. 40C01-1109-FC-357

**March 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Patrick Griesehop appeals his seven-year sentence for Class C felony robbery. We affirm.

Around 2:15 a.m. on July 15, 2011, Officer Andrew Richmond of the North Vernon Police Department was on patrol in a marked vehicle when a group of teenagers told him that one of them had just been robbed at the City Park. Sixteen-year-old C.S. reported that a man, later identified as Griesehop, approached him and his friends at the park just fifteen minutes before and asked if they had a staring problem. Griesehop told C.S.'s friends to leave but ordered C.S. to stay. He then directed C.S. to an area between the softball diamonds and ordered him to take off all his clothes. C.S. asked him if he wanted money, and Griesehop responded affirmatively. C.S. pulled a ten-dollar bill from his wallet, and Griesehop took it. After C.S. met up with his friends again, Griesehop rode by on a bicycle and told them not to tell the police.

In September 2011, the State charged Griesehop with Class C felony robbery. In February 2012, the trial court allowed the State to add a habitual offender allegation. The next day, the parties asked the court to set the case for a guilty plea and sentencing hearing.

At the July 2012 hearing, Griesehop pleaded guilty to Class C felony robbery pursuant to a plea bargain in which the State agreed to dismiss the habitual offender allegation. As aggravators, the trial court noted that Griesehop had no high school diploma or GED certificate; he had no work history; he had one prior juvenile

delinquency adjudication,[1] four prior misdemeanor convictions, and four prior felony convictions, including a felony robbery conviction; and the victim was only sixteen years old. As mitigators, the court noted that he pleaded guilty and that incarceration would be a hardship on his family. Finding that the aggravators outweighed the mitigators, the court sentenced him to seven years.

Griesehop now contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. Id. (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory sentencing range established for the class of the offense. Griesehop pleaded guilty to a Class C felony. The statutory sentencing range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). Griesehop was sentenced to seven years.

---

[1] The presentence investigation report shows that Griesehop has had at least five juvenile adjudications. See Appellant's App. p. 35.

We next look to the nature of the offense and Griesehop's character. As to the nature of the offense, Griesehop separated a minor from his friends in the dead of night, ordered him to strip, and took money from him.

Griesehop argues that his crime was "not as serious as one would normally expect a C Felony robbery to be" and cites cases with Class C felony robberies involving physical violence. Appellant's Br. p. 6. We decline to engage in a comparison of the nature of this offense with others. See Brown v. State, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002) ("We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character."), trans. denied. In any event, had the offense caused bodily injury to C.S., the crime would have been a Class B felony. See Ind. Code § 35-42-5-1 (1984) (enhancing robbery to Class B felony if it results in bodily injury to any person other than defendant).

As to his character, Griesehop has prior juvenile adjudications for mischief, theft, battery, burglary, and conversion. He has four prior misdemeanor convictions for mischief, resisting law enforcement, and battery, as well as four prior felony convictions for residential entry, theft, and robbery. He has been given the benefit of probation, but it was terminated as unsuccessful on one occasion and revoked on another occasion. Further, he was on parole at the time he committed this offense.

Griesehop points out that some members of his family have criminal records and thus argues that he had a troubled upbringing. We see no evidence in the record before

4

us, however, that his family members' criminal records were the result of a troubled upbringing that he shared. To the contrary, he described his childhood as "good" until his parents split up, and only that it "would have been better" if they had stayed together. Appellant's App. p. 38.

Griesehop also argues that his guilty plea reflects positively on his character. We acknowledge his decision to plead guilty but note that it came five months after he was charged, eighteen days before his scheduled jury trial, and one day after the habitual offender allegation was added. Considering the evidence against him and the fact that the State agreed to dismiss the habitual offender allegation, Griesehop's guilty plea was more likely a product of pragmatism than acceptance of responsibility or remorse.

Griesehop has failed to persuade us that his sentence is inappropriate. We therefore affirm his sentence.

Affirmed.

BAKER, J., and MATHIAS, J., concur.