**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana



**FILED**
Apr 10 2013, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN HESTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1205-CR-381 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Orbison, Judge
Cause No. 49G22-1007-MR-57131

**April 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Kevin Hester ("Hester") appeals his sentence for murder.[1]

We affirm.

## ISSUE

Whether Hester's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

On the afternoon of May 2, 2010, Keith Martin-McGhee ("McGhee"), Dell Battle ("Battle"), and Walter Wilburn ("Wilburn") stopped for gas at a Shell station on the north side of Indianapolis. Hester was also at the gas station along with Myles McMahan ("McMahan") and several other young men. McGhee and Battle entered the store while Wilburn used a restroom located on the side of the building. McMahan entered the store to pay for his gas while Hester stayed in McMahan's car.

McGhee exited the store first and was confronted by the other young men who were with Hester and McMahan. McMahan and Wilburn exited next and witnessed the confrontation. While McGhee was arguing with one of the men in the group, Hester, armed with a handgun, exited McMahan's car and approached McGhee. McGhee then began to approach Hester; Hester shot McGhee multiple times. The two groups and other patrons at the gas station began to flee, while one man shielded his young son from the gunfire with his body. Hester initially jogged away from the scene, but returned and fired more shots at McGhee as he laid on the ground. McGhee died at the scene.

---

[1] Ind. Code § 35-42-1-1.

On July 22, 2010, the State charged Hester with murder and carrying a handgun without a license as a Class A misdemeanor. At a jury trial held on November 14, 2011, the jury convicted Hester of the handgun charge but could not reach a verdict on the murder charge. On April 2, 2012, the State retried Hester on the murder charge, and the jury convicted him. The trial court conducted a sentencing hearing on April 18, 2012. The trial court found Hester's juvenile and adult criminal history,[2] along with the facts and circumstances of the offense, to be aggravating. Because of the short time span encompassing Hester's juvenile and adult criminal history, the court refused to accept his youth as a mitigating factor. The trial court sentenced Hester to sixty-five (65) years executed with sixty-three (63) years in the Department of Correction and two (2) years in community corrections work release.

DECISION

Hester argues that his sentence is inappropriate. He suggests that we should revise his sentence to fifty (50) years executed in the Department of Correction.

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify

---

[2] Hester's juvenile history contains true findings for the following acts: criminal mischief as a Class A misdemeanor in 2004; battery as a Class A misdemeanor in 2005; robbery as a Class B felony in 2006; criminal mischief as a class B misdemeanor in 2008; intimidation as a class D felony in 2008; and attempted robbery as a Class B felony in 2008. As an adult, Hester was convicted of possession of marijuana as a Class A misdemeanor before being convicted of the instant offense.

some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is appropriate, we first look to the advisory sentence provided by statute. *Childres*s, 848 N.E.2d at 1081. Murder provides a sentencing range between forty-five (45) and sixty-five (65) years, with an advisory sentence of fifty-five (55) years. I.C. § 35-50-2-3.

Regarding Hester's character, Hester concedes that he is a troubled young man with an escalating pattern of criminal behavior. Despite that concession, Hester maintains that the lack of evidence about what services were offered toward his rehabilitation, other than probation, prevented the trial court from properly considering his character. We disagree. The record is clear that the juvenile court gave Hester Home Based counseling for his true finding of Class D felony intimidation. (App. at 157). In addition, Hester failed to complete counseling and formal probation twice. Hester has failed to take advantage of those opportunities to reform his behavior.

Turning to the nature of the offense, Hester also relies on our previous holding that maximum sentences should be reserved for the worst offenders and offenses. *See Brown v. State*, 760 N.E.2d 243 (Ind. Ct. App. 2002), *trans*. *denied*. In deciding whether an offender or the offense is among the worst, we focus more on "the nature, extent, and

4

depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Id*. at 247.

Hester was not involved in the initial confrontation involving McGhee. Rather, he inserted himself into the argument, drawing his gun, and shooting McGhee. He fled, but in cold-blooded fashion, went back to McGhee to finish him off, firing more shots into his body. Hester did this in broad daylight at a busy gas station, with little regard for the people around him.

Given Hester's violent criminal history and the nature of the offense, Hester has failed to persuade us that his sentence is inappropriate.

Affirmed.

ROBB, C.J., and MAY, J., concur.