**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JACOB R. TAULMAN**
Public Defender
Kentland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW P. THRALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 56A05-1304-CR-159 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-1112-FB-13

**October 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

At some point between March of 2006 and August of 2007, Appellant-Defendant Matthew Thrall raped his twelve-year-old sister, H.T. On December 22, 2012, Thrall was charged with one count of Class B felony incest, one count of Class A felony rape, and one count of Class A felony child molest. On February 4, 2013, Thrall pled guilty to one count of Class B felony rape. In exchange for Thrall's guilty plea, the State agreed to dismiss the Class B felony incest and Class A felony child molest charges. The State also agreed to downgrade the rape charge from a Class A felony to a Class B felony, and that the executed portion of Thrall's sentence should be no more than fifteen years. The trial court accepted Thrall's guilty plea, and on March 4, 2013, sentenced Thrall to a thirteen-year term of incarceration. On appeal, Thrall contends that his thirteen-year sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the February 4, 2013 guilty plea hearing provides that at some point between March of 2006 and August of 2007, Thrall forced his sister, H.T., to engage in sexual intercourse. During the sexual intercourse, Thrall penetrated H.T.'s vagina with his penis. Thrall compelled H.T. to engage in sexual intercourse with him against H.T.'s will by force or imminent threat of force. H.T. was twelve years old at the time.

On December 22, 2012, Thrall was charged with one count of Class B felony incest, one count of Class A felony rape, and one count of Class A felony child molest. On February

2

4, 2013, Thrall pled guilty to one count of Class B felony rape. In exchange for Thrall's guilty plea, the State agreed to dismiss the Class B felony incest and Class A felony child molest charges. The State agreed to downgrade the rape charge from a Class A felony to a Class B felony. The State also agreed that the executed portion of Thrall's sentence should be no more than fifteen years. The trial court accepted Thrall's guilty plea. On March 4, 2013, the trial court sentenced Thrall to a thirteen-year term of incarceration.

## DISCUSSION AND DECISION

Initially, we note that Appellee-Plaintiff the State of Indiana did not file an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id.* We may, therefore, reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

Thrall contends that his thirteen-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced,

3

and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Thrall's offense, the record demonstrates that Thrall forcibly raped his sister. Thrall compelled H.T. to engage in sexual intercourse against her will by force or imminent threat of force. Thrall makes no argument suggesting that his offense was not serious in nature, and we discuss it now only to state that we find Thrall's actions to be deplorable.

With respect to his character, Thrall argues that his thirteen-year sentence is inappropriate because he was young at the time he committed the instant offense. Thrall also argues that it reflects well on his character that he showed remorse for his actions and pled guilty. We cannot, however, find that Thrall's guilty plea reflects positively on his character because Thrall benefited greatly from the guilty plea. In exchange for his guilty plea, the State agreed to dismiss the very serious charges of Class B felony incest and Class A felony child molest, to downgrade the rape charge from a Class A felony to a Class B felony, and to cap the executed portion of Thrall's sentence at fifteen years. In addition, we find that Thrall's decision to plead guilty seems to represent a tactical decision rather than a true showing of remorse because he waited to plead guilty until a few weeks before his trial was scheduled to begin.

Thrall argues that his criminal history does not reflect poorly on his character because

he allegedly had no or little criminal history when he committed the actions at issue in the instant matter. We note that we are unable to determine the specifics of Thrall's criminal history, including what criminal actions he has allegedly committed and when these actions were allegedly committed, because Thrall did not include the pre-sentence investigation ("PSI") report compiled by the Newton County Probation Department in the record on appeal. However, notwithstanding our inability to review Thrall's PSI, we observe that the record demonstrates that Thrall's behavior either before or since he committed the instant offense does not reflect well on his character. The record makes repeated reference to the fact that Thrall has committed an unrelated prior sex offense. Thrall apparently has also impersonated a public servant and driven a "squad car." Tr. p. 31. The record further demonstrates that Thrall enlisted in the United States Marine Corps but subsequently lied about having suicidal thoughts in order to be released from his commitment.

In addition, we find it telling that Thrall employed the use of force when he committed the instant criminal acts. Thrall threatened to kill both the victim and the victim's cat if she reported Thrall's criminal behavior. Thrall also apparently threatened to kill another individual who learned of Thrall's criminal acts.

The record reflects that Thrall committed numerous criminal actions relating to the sexual abuse of H.T. over an extended period of time, beginning when H.T. was twelve years old. H.T. indicated at sentencing that Thrall's actions have had a substantial negative impact on her life. As such, in light of the deplorable nature of Thrall's offense and Thrall's poor character, we cannot say that his thirteen-year sentence is inappropriate.

5

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.