## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 7:44 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Mark I. Cox
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Ricky Duff,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 13, 2015

Court of Appeals Case No. 89A01-1408-CR-356

Appeal from the Wayne County Superior Court
The Honorable Gregory A. Horn, Judge
Case Nos. 89D02-1206-FB-48, 89D02-1207-FB-54

**Bradford, Judge.**

# Case Summary

[1] On two separate occasions in June of 2012, Appellant-Defendant Ricky Duff sold heroin to a confidential informant. Both sales were conducted at Duff's

home. On July 5, 2012, police officers executed an arrest warrant upon Duff and a search warrant upon Duff's home. As a result of the search of Duff's home, police recovered 0.1 grams of heroin and a stolen firearm. Duff subsequently admitted that he knew the firearm in question had been stolen.

[2] With regard to the two sales of heroin in June of 2012, Duff was charged under cause number 89D02-1206-FB-48 (hereinafter "Cause No. FB-48") with one count of Class B felony dealing in a controlled substance and one count of Class B felony dealing in a schedule I controlled substance. Duff was also alleged to be a habitual substance offender. With regard to his possession of a stolen firearm and heroin on July 5, 2012, Duff was charged under cause number 89D02-1207-FB-54 ("Cause No. FB-54") with Class B felony serious violent felon ("SVF") in possession of a firearm, Class D felony possession of a controlled substance, and Class D felony receiving or retaining stolen property. The trial court sentenced Duff to an aggregate thirty-five-year term of imprisonment after Duff admitted to being a habitual substance offender and pled guilty to all crimes charged in Cause No. FB-48 and Cause No. FB-54. Duff claims his sentence is inappropriate on appeal. We affirm.

# Facts and Procedural History

## I. Cause No. FB-48

[3] The factual basis entered during the August 6, 2014 guilty plea hearing provides as follows: on June 13, 2012, Duff sold approximately 0.1 grams of heroin to a confidential informant. Twelve days later, on June 25, 2012, Duff sold 0.82

grams of heroin to the same confidential informant. Both sales were made in exchange for cash and were conducted out of Duff's home in Richmond.

[4] On June 28, 2012, Appellee-Plaintiff the State of Indiana (the "State) charged Duff with one count of Class B felony dealing in a controlled substance and one count of Class B felony dealing in a schedule I controlled substance. The State also alleged that Duff was a habitual substance offender. On August 6, 2014, Duff pled guilty as charged. He also admitted that he was a habitual substance offender. The trial court accepted Duff's guilty plea and sentenced him to a term of fifteen years on each of the Class B felony convictions. The trial court ordered that the sentences should run concurrent with one another and enhanced the sentence by five years by virtue of Duff's status as a habitual substance offender, for a total term of twenty years.

## II. Cause No. FB-54

[5] The factual basis entered during the August 6, 2014 guilty plea hearing provides as follows: on July 5, 2012, the police served an arrest warrant upon Duff and a search warrant for Duff's home in Richmond. The search of Duff's home uncovered a stolen firearm and 0.1 grams of heroin. Duff was aware that the firearm was stolen at the time it was recovered from his home.

[6] On July 20, 2014, the State charged Duff with Class B felony SVF in possession of a firearm, Class D felony possession of a controlled substance, and Class D felony receiving or retaining stolen property. The State again alleged that Duff was a habitual substance offender. On August 6, 2014, Duff pled guilty as

charged and again admitted that he was a habitual substance offender. The trial court accepted Duff's guilty plea and sentenced him to fifteen years on the Class B felony conviction and two years on each of the Class D felony convictions. The trial court ordered that the sentences should run concurrent with each other, for a total term of fifteen years.[1] The trial court also ordered that Duff's sentence in Cause No. FB-54 be run consecutively to his sentence in Cause No. FB-48, for a total aggregate sentence of thirty-five years.

## Discussion and Decision

[7] Duff contends that his aggregate thirty-five-year sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The

---

[1] The trial court did not impose a second sentence enhancement by virtue of Duff's status as a habitual substance offender.

defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[8]     In challenging the appropriateness of his aggregate thirty-five-year sentence, Duff argues that, in light of the nature of his offenses, the trial court should have ordered that his sentences in Cause No. FB-48 and Cause No. FB-54 run concurrent to one another. In support of this argument, Duff relies on this court's opinion in *Williams v. State*, 891 N.E.2d 621 (Ind. Ct. App. 2008). In *Williams*, the defendant was convicted of numerous crimes arising out of "two nearly-identical, State-sponsored drug transactions within a short period of time, as well as from evidence seized pursuant to a search warrant that was procured solely as a result of those State-sponsored transactions." 891 N.E.2d at 634-35. Upon review, this court concluded that "[w]hile Williams'[s] crimes were separate episodes of criminal conduct justifying multiple convictions, nonetheless, [applicable legal authority] require[s] that the sentences for each conviction arising from evidence seized after the State began sponsoring the criminal activity to run concurrently." *Id.* at 365.

[9]     In the instant matter, Duff completed two State-sponsored controlled buys with the same confidential informant on June 13, 2012 and June 25, 2012. Both controlled buys took place at Duff's home. Approximately ten days later, on July 5, 2012, police went to Duff's home for the purpose of executing a search warrant. Officers also sought to execute an arrest warrant under Cause No. FB-48 in connection to the two prior controlled buys. However, unlike in *Williams*, the record does not indicate that the search warrant which was executed on July

5, 2012, was procured "solely as a result of" the State-sponsored controlled buys. In fact, the record is silent as to why police procured the search warrant which was executed on July 5, 2012. As such, we cannot agree that pursuant to *Williams*, the trial court was required to order the sentences imposed in Cause No. FB-48 and Cause No. FB-54 to run concurrent with one another.

[10] Further, our review of the nature of Duff's offenses and his character do not convince us that the aggregate thirty-five-year sentence is inappropriate. With respect to the nature of Duff's offenses, we again observe that (1) in committing each of the Class B felonies included in Cause No. FB-48, Duff admitted that he sold 0.1 grams and 0.82 grams of heroin, respectively, out of his home to a confidential informant, and (2) in committing the crimes included in Cause No. FB-54, Duff possessed 0.1 grams of heroin and a stolen handgun at his residence. In *Polk v. State*, 683 N.E.2d 567, 571 (Ind. 1997), the Indiana Supreme Court held that "[t]he opinions of this Court are filled with tales of drug possession and dealing that spun out of control and erupted into violence." We find it troubling that Duff would subject his children, who would often visit and stay at his home, to the potential violence that is often associated with locations where drug dealing occurs, and to the likely heightened potential for violence that could be associated with his knowing possession of a stolen firearm.

[11] Review of Duff's character is also troubling. Duff has an extensive criminal history that dates back to 1990. In a period of roughly twenty-three years, Duff amassed a criminal history that consisted of numerous arrests, seven or eight

felony convictions, and three misdemeanor convictions. The majority of Duff's felony convictions concern the dealing or possession of controlled substances and offenses against property. Duff's criminal history also includes numerous violations of probation and/or placement on home detention. It is also of note that Duff was on home detention for two separate prior convictions at the time he committed the instant crimes. Duff's criminal history indicates an unwillingness to reform his behavior to conform to the rules of society. In light of the facts surrounding the nature of Duff's offenses and his character, we conclude that Duff has failed to meet his burden of persuading us that his thirty-five-year sentence is inappropriate. *See Sanchez*, 891 N.E.2d at 176.

[12] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.