## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2017, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tradale Jones,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 10, 2017

Court of Appeals Case No.
49A04-1608-CR-1833

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1512-F1-43936

**May, Judge.**

[1] Tradale Jones appeals the fifty-year aggregate sentence imposed for two counts of Level 1 felony rape[1] and one count each of Level 3 felony robbery with a deadly weapon,[2] Level 3 felony kidnapping while armed with a deadly weapon,[3] and Level 3 felony criminal confinement while armed with a deadly weapon.[4] Finding nothing inappropriate about his sentence, we affirm.

## Facts and Procedural History

[2] At approximately 3:00 a.m. on December 5, 2014, as F.B. was walking alone from her boyfriend's house to her own house, she was confronted by a stranger, later identified as Jones, who was carrying a shotgun. Jones ordered F.B. to walk up a hill between two houses. Jones put the shotgun to her back, and F.B. complied. Jones took her between the two houses into the backyard of a house, where a second man was waiting. Jones gave the shotgun to the second man and removed F.B.'s jacket and pants. He felt around under her shirt looking for possessions or money. They found and took her cell phone.

[3] Jones and the second man then forced F.B. at gunpoint to walk back between the houses, across the street, and into a garage, where they forced F.B. to kneel and perform oral sex on Jones and the second man. When F.B. cried, the men

---

[1] Ind. Code § 35-42-4-1(a)(1) (2014).

[2] Ind. Code § 35-42-5-1(2) (2014).

[3] Ind. Code § 35-42-3-2(a) (2014).

[4] Ind. Code § 35-42-3-3(a) (2014).

told her to shut up and threatened to kill her. Jones then compelled F.B. to submit to sexual intercourse while the second man pointed the shotgun at her. The two men left the garage after telling F.B. they would kill her if she moved or tried to leave.

[4] F.B. waited a few minutes, put her underwear back on, and walked toward her boyfriend's house. An officer on patrol saw F.B. walking without pants or shoes and crying hysterically, so he stopped to check on her. F.B. reported she had been raped, so the officer called a detective from the sex crimes unit. The detective took a report from F.B. and then the two of them drove to the places F.B. described and found her pants and shoes in the backyard where they had been removed. F.B. went to the hospital to have a sexual assault kit performed. Samples of DNA recovered from F.B. matched the DNA of Jones.

[5] The State charged Jones with two counts of Level 1 felony rape and one count each of Level 3 felony armed robbery, Level 3 felony kidnapping, Level 3 felony criminal confinement, and Class A misdemeanor pointing a firearm. A jury found Jones not guilty of pointing a firearm, but guilty of the other five charged crimes. The trial court imposed a thirty-two-year sentence for each count of rape and ordered the two rape sentences served concurrently; imposed nine-year sentences for each of the three Level 3 felony convictions; ordered the nine-year sentence for criminal confinement served concurrent with the others; and ordered the nine-year sentences for armed robbery and for kidnapping served consecutive to each other and to the thirty-two-year rape sentence, for an aggregate sentence of fifty years.

# Discussion and Decision

[6] Jones asserts his fifty-year sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a Level 1 felony is "a fixed term of between twenty (20) and forty (40) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4(b) (2014). For Jones' Level 1 felony rape convictions, the trial court imposed concurrent thirty-two-year sentences, which are only two years above the advisory sentence. *See id.* The sentencing range for a Level 3 felony is "a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." Ind. Code § 35-50-2-5 (2014). For Jones' convictions of Level 3 felony robbery, kidnapping, and criminal confinement, the court imposed three nine-year sentences, which are the advisory. The court ordered Jones' sentences for kidnapping and robbery served consecutive to each other and to one of the sentences for rape, for an aggregate sentence of fifty

years. Because Jones committed "crimes of violence," *see* Ind. Code § 35-50-1-2(a) (2014), his sentence for this episode of criminal conduct was not capped at "the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted," Ind. Code § 35-50-1-2(d) (2014), which would have been fifty-five years. *See* Ind. Code § 35-50-2-3(a) (2007) (advisory sentence for murder is fifty-five years). Instead, the maximum sentence Jones could have received was eighty-eight years. *See, e.g., Brown v. State*, 760 N.E.2d 243, 245 (Ind. Ct. App. 2002) (maximum sentence on both charges to be served consecutively indicates a maximum sentence), *trans. denied*. In light of Jones receiving a sentence for each of his crimes that was at or barely above the advisory sentence, and in light of Jones receiving a cumulative sentence for his episode of violent criminal conduct that was less than the maximum he could have received for non-violent crimes, we see nothing inappropriate about his 50-year aggregate sentence for robbery, kidnapping, confinement, and two counts of rape, all of which were committed with a shotgun.

[8] Jones asserts "[i]t is primarily the nature of Mr. Jones' character . . . that warrants a lesser sentence . . . ." (Appellant's Br. at 17.) When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Jones asserts his criminal history "did not distinguish him as a serious

felon." (Appellant's Br. at 17.)  His criminal history includes a 2009 true finding as a juvenile for an act that would have been battery resulting in bodily injury if committed by an adult, a 2011 conviction of Class D felony criminal recklessness, and a 2013 conviction of Class A misdemeanor criminal conversion, and two 2015 convictions of Class A misdemeanor theft.  Jones' record included numerous other charges that had been dismissed and revealed his placement in probation was revoked in 2011 and his placement in community corrections was revoked in 2015.  With regard to Jones' criminal history, the trial court noted:

> [A]lthough the convictions are not for serious felonies, what I can tell from your criminal history is that you don't have a problem, even as a juvenile, hurting another person, and you certainly don't have a problem taking things that aren't yours.
>
> And then finally, I see from your criminal history that you did have opportunities to rehabilitate yourself through both probation and Community Corrections.  And neither of those you took advantage because both of those placements had to be revoked.

(Tr. Vol. III at 58.)

[9]     Jones also asserts his sentence is inappropriate for his character because he expressed remorse before trial, loves his children, is only twenty-two years old, and had a "miserable upbringing."  (Br. of Appellant at 17.)  We cannot say Jones' love for his children justifies a shorter sentence when Jones does not provide any financial support for those children.  We acknowledge Jones'

report that his parents did not raise him because they were addicted to drugs; however, he also reported he was raised by his grandmother and aunt, and "was never the victim of any type of abuse or neglect," (App. Vol III at 9); both his grandmother and aunt still provide financial support to him and allow him to stay with them; and he has a family that loves him. While his childhood may not have been ideal, neither does the evidence demand it be characterized as "miserable." (Br. of Appellant at 17.)

[10] Jones did express remorse when he was interviewed by a detective before trial but, after being convicted by a jury, he told the probation officer preparing the presentence investigation report that he "payed [F.B.] for sex and she said I raped her." (App. Vol. III at 12.) If Jones does not accept responsibility for commission of these egregious crimes, we doubt he could feel sincere remorse. *See*, *e.g.*, *Hape v. State*, 903 N.E.2d 977, 1003 (Ind. Ct. App. 2009) (defendant's "expression of remorse is belied by his subsequent attempts to blame others for his situation"), *trans. denied*.

[11] As for Jones being only twenty years old when he committed these offenses, we agree with the trial court that it is "concerning . . . that [Jones] could commit such a serious offense at such a young age." (Tr. Vol. II at 62.) A defendant's young age can be a mitigator. *See Coleman v. State*, 952 N.E.2d 377, 385 (Ind. Ct. App. 2011). However, a defendant must be not only young but also "clueless" or "led astray by a more commanding older person," *id*., and that is not what happened here. The testimony and other evidence indicate Jones initiated and led this crime spree – he alone stopped F.B., he ordered her up the

hill and put a shotgun to her back, he took her clothes off of her and searched her, he pulled her by her hair to another location, he grabbed her head with his hands and forced her to perform oral sex on him, he threatened to kill her if she did not stop crying, and he raped her. Jones may have been only twenty years old when he committed these crimes, but his behavior was that of a man who is an experienced criminal. *Id.*

Jones has not convinced us that his character makes a fifty-year sentence inappropriate for the episode of criminal conduct he committed. *See Corbally v. State,* 5 N.E.3d 463, 472-73 (Ind. Ct. App. 2014) (reviewing lengths of sentences given for commission of "a single episode of sexual violence against one victim" and reducing Corbally's sentence from 270 years to 165 years).

## Conclusion

Nothing about Jones' character or offenses leads us to believe his fifty-year sentence is inappropriate. We accordingly affirm.

Affirmed.

Najam, J., and Bailey, J., concur.