## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devan Lampe,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2017

Court of Appeals Case No.
34A02-1706-CR-1306

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1602-F2-34

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Devan Lampe was released from incarceration on December 11, 2015. A few days later, during the early morning hours of December 14, 2015, Lampe and his friend James Wimmer broke into a home with the intent to steal from the home's occupants. Once inside the home, Wimmer forced the female occupant of the home into the bedroom closet and forcibly raped her while Lampe confined the male occupant to the living room by holding a gun to his head. Once the rape was complete, Lampe forced the male occupant into the closet with the female occupant.

[2] On February 2, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Lampe with one count of Level 2 felony burglary and two courts of Level 3 felony criminal confinement. Lampe subsequently pled guilty to one count of Level 3 felony burglary. In exchange for Lampe's guilty plea, the State agreed to dismiss the remaining counts. Following a sentencing hearing, the trial court sentenced Lampe to a sixteen-year term of incarceration. Lampe appeals, arguing that his sentence is inappropriate. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[3] Lampe began abusing alcohol and drugs when he was approximately eleven or twelve years old. Since that time, Lampe has continued to abuse drugs and has committed numerous criminal acts. Lampe was released from incarceration in

relation to one of these criminal acts on Friday, December 11, 2015. By the following Sunday, Lampe had spent all of his money on drugs. In an attempt to acquire additional money with which they could purchase drugs, Lampe and Wimmer decided to rob the victims.

[4] During the early morning hours of December 14, 2015, Lampe and Wimmer broke into the victims' home. Upon entering the home, Wimmer forced the female victim into a bedroom closet while Lampe confined her husband to the living room by holding a gun to his head. Once in the closet, Wimmer forcibly raped the female victim. After the rape was completed, Lampe forced the male victim into the closet with his wife.

[5] On February 2, 2016, the State charged Lampe with one count of Level 2 felony burglary and two courts of Level 3 felony criminal confinement. On April 26, 2017, Lampe pled guilty to one count of Level 3 felony burglary. In exchange for Lampe's guilty plea, the State agreed to dismiss the remaining counts. In connection to the plea, the Howard County Probation Department recommended a sixteen-year sentence, with fourteen years of incarceration and two years suspended to probation. On May 31, 2017, the trial court accepted Lampe's guilty plea and sentenced him to a sixteen-year term of incarceration.

# Discussion and Decision

[6] Lampe contends that his sixteen-year sentence is inappropriate. In challenging the appropriateness of his sentence, Lampe asserts that the trial court should

have ordered that a portion of his sixteen-year sentence been suspended to probation, arguing "[w]ithout a period of Supervised Probation, society will not have done all it could do for Lampe and for any future [victims]." Appellant's Br. p. 13. We disagree.

[7] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[8] With respect to the nature of Lampe's offense, Lampe acknowledges that his criminal acts were serious but argues that the pain caused to his victim "was not the most horrible 'physical pain' imaginable." Appellant's Br. p. 11. Lampe supports this argument by asserting that "[t]here is no evidence that [the victim] was murdered, tortured, burned alive, doused with acid, [or] brutalized multiple times over many hours or days." Appellant's App. p. 11. Upon breaking into the victims' home during the early morning hours, Wimmer forcibly raped the female victim in her bedroom closet while Lampe confined her husband by

holding a gun to his head. After the rape was completed, Lampe forced the male victim into the closet with his wife. We find these actions to be atrocious and reject Lampe's attempt to minimize the serious nature of these actions by pointing out that the pain suffered by the victims could have, theoretically, been worse.

[9] As for Lampe's character, the record reveals that Lampe has an extensive criminal history which includes several juvenile adjudications, prior misdemeanor and felony convictions, and prior probation violations. Lampe's juvenile adjudications include adjudications for actions which would have constituted the following criminal offenses if committed by an adult: multiple adjudications for battery resulting in bodily injury, criminal mischief with damage, theft, and pointing a firearm. Another juvenile adjudication for receiving stolen property was dismissed after Lampe successfully completed court-ordered programing and paid restitution. As an adult, Lampe has amassed a criminal history which includes the following misdemeanor convictions: conversion, public intoxication, disorderly conduct, resisting law enforcement. In addition, his criminal history includes a conviction for Level 6 felony possession of precursors with the intent to manufacture methamphetamine. Lampe's criminal history also includes prior probation violations.

[10] While incarcerated in the instant matter awaiting sentencing, Lampe received approximately fourteen disciplinary "write-ups" and has been found guilty of at least twelve of these disciplinary violations. Appellant's App. Vol. IV –

Confidential, p. 12. Further, the pre-sentence investigation completed prior to sentencing found that Lampe is a "VERY HIGH" risk to reoffend. Appellant's App. Vol. IV – Confidential, p. 15. This finding is especially troubling considering that Lampe committed the criminal acts at issue in this case fewer than five days after being released from incarceration. Lampe's actions, considered with his criminal history, demonstrate that Lampe has not only a disdain for the criminal justice system, but also a disdain for the rights and safety of others. As such, we conclude that Lampe has failed to prove that his sentence is inappropriate in light of the nature of his offense and his character.

[11] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.