# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 07 2018, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Bowling,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 7, 2018<br><br>Court of Appeals Case No.<br>15A05-1710-CR-2271<br><br>Appeal from the Dearborn<br>Superior Court<br><br>The Honorable Sally A.<br>McLaughlin, Judge<br><br>Trial Court Cause No.<br>15D02-1703-F6-81 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a guilty plea, Justin Bowling was convicted of domestic battery and intimidation, both Level 6 felonies. The trial court sentenced Bowling to an aggregate term of four years in the Indiana Department of Correction. He now appeals, raising for our review the sole issue of whether his sentence is inappropriate in light of his character and the nature of his offense. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On March 18, 2017, an intoxicated Bowling returned home and began arguing with his girlfriend, Rhonda Hoffman. The argument soon turned physical when Bowling grabbed Hoffman by the throat and threw her to the ground. While on the ground, Bowling used his elbow to strike Hoffman in her face and body. Bowling then stood up and kicked Hoffman in her stomach. Hoffman's six-year-old son watched as Bowling kicked Hoffman. Hoffman was then able to stand up and run to a neighbor's house for help, but her neighbors did not answer their door. As she tried to call 911, Bowling grabbed her cell phone and stated, "I'll f***** kill you!" Appellant's Appendix, Volume 2 at 16. Eventually, Hoffman was able to reach law enforcement. Hoffman suffered multiple nasal bone fractures, an abdominal muscle strain, and contusions and abrasions on her head and face.

[3] The State charged Bowling with battery resulting in moderate bodily injury, a Level 6 felony; domestic battery committed in the presence of a child less than sixteen years of age, a Level 6 felony; domestic battery, a Level 6 felony; intimidation, a Level 6 felony; interference with the reporting of a crime, a Class A misdemeanor; and domestic battery, a Class A misdemeanor. On August 16, 2017, Bowling pleaded guilty to domestic battery and intimidation, both Level 6 felonies. The trial court sentenced Bowling to two years in the Department of Correction on each conviction with the sentences to be served consecutively. Bowling now appeals his sentence.

# Discussion and Decision

## I. Standard of Review

[4] Indiana Appellate Rule 7(B) permits this court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In reviewing a sentence, we defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Bowling, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

# II. Inappropriate Sentence

The trial court sentenced Bowling to an aggregate sentence of four years for his two convictions. It further appears the trial court concluded Bowling's crimes constituted an "episode of criminal conduct" thus limiting the court's sentencing discretion to a total of four years. *See* Ind. Code § 35-50-1-2(b); Ind. Code § 35-50-1-2(d) (stating consecutive terms may not exceed four years if the most serious crime for which a defendant is convicted is a Level 6 felony). Thus, Bowling has been given the maximum sentence permitted under this statute. Bowling contends his sentence is inappropriate because maximum sentences are "reserved for the very worst offenses and offenders." Amended Appellant's Brief at 10.

In *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2007), *trans. denied*, with respect to the argument the maximum sentence is reserved for the worst offenders, this court stated,

> There is a danger in applying this principle [because] [i]f we were to take this language literally, we would reserve the maximum punishment for only the single most heinous offense. In order to determine whether an offense fits that description, we would be required to compare the facts of the case before us with either those of other cases that have been previously decided, or—more problematically—with hypothetical facts calculated to provide a "worst-case scenario" template against which the instant facts can be measured. If the latter were done, one could always envision a way in which the instant facts could be worse. In such case, the worst manifestation of any offense would be hypothetical, not real, and the maximum sentence would never be justified.

> This leads us to conclude the following with respect to deciding whether a case is among the very worst offenses and a defendant among the very worst offenders, thus justifying the maximum sentence: We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.

[7] Regarding the nature of the offense, Bowling returned home intoxicated and battered his girlfriend in the presence of her son. Bowling's actions caused serious injury to Hoffman including nasal bone fractures, a muscle strain, and abrasions and contusions on her head and face. When she attempted to find help, Bowling took her phone so she could not do so and threatened her life. The nature of Bowling's offenses are violent and despicable, and justify his four-year sentence.

[8] Regarding his character, Bowling has around forty prior misdemeanors and felonies in Ohio and Indiana beginning in 1997, including prior convictions for intimidation, battery, and domestic violence. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (noting the significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense.). Additionally, a high number of Bowling's offenses relate to the use of alcohol such as possession of an open flask, public intoxication, and driving under the influence. Bowling's twenty years of criminal behavior, and failure to remedy that behavior, does not reflect well on his character and we are not persuaded his four-year sentence is inappropriate.

# Conclusion

[9]     Bowling's four-year sentence is not inappropriate.  Accordingly, we affirm his sentence.

[10]    Affirmed.


Najam, J., and Altice, J., concur.