## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2018, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donna M. Adams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 20, 2018

Court of Appeals Case No.
18A-CR-886

Appeal from the Marshall Superior Court

The Honorable Robert O. Bowen, Judge

Trial Court Cause No.
50D01-1508-F1-5

**Bailey, Judge.**

# Case Summary

Donna M. Adams ("Adams") appeals her sentence following her guilty plea to child molesting, as a Level 1 felony.[1] On appeal she raises one issue, namely, whether her sentence is inappropriate in light of the nature of the offense and her character.

We affirm.

# Facts and Procedural History

In September of 2014, Adams was staying at the Economy Inn in Plymouth with her then-boyfriend, Donald Irwin, Jr. ("Irwin"), and her then seven-year-old daughter, M.A. On one occasion, Adams left the hotel room to do laundry and, when she came back, she found M.A. naked with Irwin. Adams asked Irwin what was going on, but he would not say anything. Adams then got M.A. dressed and took her to M.A.'s father's house. Adams also "[saw Irwin] force himself on [M.A., and saw] him lick [M.A.]." Tr. at 12.

The weekend after Adams found M.A. naked with Irwin, Adams and Irwin picked M.A. up from her father's house and took her back to the motel room. Adams then went out to the store and, when she returned to the motel room, Irwin told Adams to "eat [M.A.] out" or else he would kill both Adams and her

---

[1] Ind. Code § 35-42-4-3(a)(1).

children, M.A. and M.A.'s younger brother, C.A.. *Id*. at 11. Irwin would not allow Adams to have her cellular telephone. Adams then proceeded to perform oral sex upon M.A. Adams did not report any of the incidents of the sexual abuse of M.A. to the authorities, and she did not obtain any counseling for M.A.

[5] Approximately one year later, M.A. disclosed Adams's molestation of M.A. to M.A.'s paternal aunt, who then reported the incident to M.A.'s father. M.A.'s father reported the incident to the police and, following an investigation, Adams was charged on August 13, 2015, with child molesting as a Level 1 felony. In interviews with the police, both M.A. and C.A. "implicated [Adams] in inappropriate sexual activity" and did not mention Irwin being present during such activity. App. Vol. II at 15. On March 30, 2016, Adams submitted a plea agreement under which she pled guilty as charged and her maximum sentence was capped at thirty years.

[6] At Adams's May 5, 2016, sentencing hearing, the trial court accepted the plea agreement and made the following statement:

> I agree that the mitigating circumstances are, you have a clean [criminal] record. You've led a law-abiding life until this incident. I'm going to also state as a mitigating record [sic] just based on what has been presented today is that it appears that you could have been under duress for a threat against you when this occurred. Um, those are the mitigating circumstances.
>
> The aggravating circumstances are obviously the age of the victim, and it was your daughter. It was a violation of one of

[the] most sacred trusts that there is and you violated that trust, and her life, although, could be damaged forever. Who knows at this point.

Now those balance out which would justify an advisory sentence, but I'm going to go a little bit below that. I'm going to go at twenty five (25) years somewhere between the minimum sentence and the advisory sentence because of the fact that there's been a clean [criminal] record and because of the fact that you—you indicate, and it appears that you could have been under duress, threat of violence when this occurred, but it's still twenty five (25) years and a fine of a dollar and costs.

Tr. at 18-19. The trial court also issued its sentencing order in writing. App. Vol. II at 97-98. Adams now appeals her sentence.

# Discussion and Decision

[7]     Adams contends that her sentence is inappropriate in light of the nature of the offense and her character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offenses and her character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was

inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[8] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] Adams contends that the nature of the offense does not support a twenty-five-year sentence. Our analysis of the nature of the offense begins with the advisory sentence, which was selected by the legislature as an appropriate sentence for the crime committed. *Reis v. State*, 88 N.E.3d 1099, 1104 (Ind. Ct.

App. 2017). Here, Adams's sentence is five years *less* than the advisory sentence and the maximum sentence to which she agreed in her plea agreement; this weighs in favor of the appropriateness of the sentence. Moreover, when considering the nature of the offense, we look at the defendant's actions in comparison to the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018). Child molestation is among the most severe and heinous of offenses and, here, the crime was made worse by the fact that Adams molested her own daughter, who was only seven years old at the time. As the trial court properly recognized, this criminal behavior was a violation of the sacred trust between a parent and a child and could cause long-term emotional damage to M.A. We cannot say Adams's sentence was inappropriate in light of the nature of the offense.

[10] Adams also maintains that the sentence is inappropriate in light of her character. In support of that claim, she points out that she has no criminal history. That is true and the trial court considered that fact as a mitigating circumstance. However, Adams witnessed her ex-boyfriend molest her young daughter on previous occasions and did nothing about it. She then molested her young daughter herself and never reported it to the authorities or sought any counseling for her daughter. These facts reflect very poorly on Adams's character. Thus, we cannot say that her sentence is inappropriate in light of her character.

[11] Adams asserts that the minimum twenty-year sentence for her crime would be more appropriate given that she acted under duress. First, we note that the trial

court did take into consideration the mitigating factor of duress and therefore imposed a sentence even lower than the advisory sentence and the maximum sentence to which Adams agreed in her plea. We owe deference to the trial court's judgment. *Stephenson*, 29 N.E.3d at 122. Second, our Rule 7(B) analysis does not focus on whether there are more appropriate sentences, only on whether the sentence imposed is *in*appropriate. *King*, 894 N.E.2d at 268. Thus, we focus less upon comparing the facts of a case to others, whether real or hypothetical, and more upon the nature, extent, and depravity of the offense for which the defendant is being sentenced and what it reveals about her character. *Anglin v. State*, 787 N.E.2d 1012, 1019 (Ind. Ct. App. 2003), *trans. denied*; *see also Brown v. State*, 760 N.E.2d 243, 248 (Ind. Ct. App. 2002) ("Although one can imagine facts that might be worse than those before us here, such does not lessen the severity of [defendant's] conduct or bolster the quality of his character by comparison."), *trans. denied*.

[12] Adams's sentence is not inappropriate given the nature of the offenses and her character.

[13] Affirmed.

Mathias, J., and Bradford, J., concur.