# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Carter, IV, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 10, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-899 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause Nos. <br> 45G01-1602-F4-7 <br> 45G01-1602-F4-8 |

**Bradford, Judge.**

# Case Summary

[1] After being alleged to have committed six different Level 4 felony burglaries and numerous other criminal acts, Jesse Carter, IV, pled guilty to two of the burglary charges. In exchange, the State agreed to dismiss more than eleven other charges and to cap Carter's sentence at twelve years. The trial court accepted Carter's guilty plea and sentenced him to an aggregate twelve-year sentence. Carter challenges his sentence on appeal, arguing that it is inappropriate. We affirm.

# Facts and Procedural History

[2] On August 27, 2015, the State charged Carter under Cause Number 45G01-1602-F4-7 ("Cause No. F4-7") with five counts of Level 4 felony burglary, two counts of Level 4 felony attempted burglary, and three counts of Level 5 felony attempted burglary. On February 17, 2016, the State charged Carter under Cause Number 45G01-1602-F4-8 ("Cause No. F4-8") with Level 4 felony burglary and Level 6 felony residential entry. The parties entered into a stipulated plea agreement on January 11, 2018.

[3] Pursuant to the terms of the agreement, the State amended the charging information in Cause No. F4-7 to include an additional Level 4 felony burglary charge. Carter agreed to plead guilty to this added charge. He also agreed to plead guilty to Level 4 felony burglary in Cause No. F4-8. In exchange for Carter's plea, the State agreed to dismiss all remaining charges and to dismiss

charges in a third cause number altogether. The parties agreed to a twelve-year sentencing cap.

[4] The trial court conducted a guilty plea hearing during which Carter admitted that on August 4, 2015, he broke into five different dwellings with the "intention to commit the felony of theft while [he was] inside." Guilty Plea Tr. pp. 7–8. He also admitted that on January 27, 2016, he broke into a dwelling with the "intention to commit the felony of theft once [he was] inside." Guilty Plea Tr. p. 9. The trial court accepted Carter's guilty plea and sentenced him to six-year terms for each of the burglaries and ordered that the sentences be served consecutively.

## Discussion and Decision

[5] Carter contends that his aggregate twelve-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans.*

*denied*).  The defendant bears the burden of persuading us that his sentence is inappropriate.  *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[6]     In pleading guilty, Carter admitted that he committed six[1] burglaries and to stealing property from each victim.  In arguing that his sentence is inappropriate, Carter classifies his offenses as "not exceptionally egregious." Appellant's Br. p. 9.  We observe that the trial court did not treat the offenses as egregious, sentencing Carter to an advisory six-year term for each of the burglaries.  *See* Ind. Code § 35-50-2-5.5 ("A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years.").  Carter has failed to establish that his sentence is inappropriate in light of the nature of his offenses.

[7]     As for his character, Carter argues that he is a family man, an active participant in raising his two children, and a hard worker.  Carter also argues that his guilty plea reflects well on his character as it demonstrates that he has accepted responsibility for his actions.  One may reasonably assume, however, that Carter's guilty plea was as much a pragmatic decision as an acceptance of guilt as he significantly limited his potential criminal exposure by pleading guilty to the two burglaries.  In addition, his criminal history involves other crimes of dishonesty and demonstrates a continued disregard for both the property of

---

[1] The charge to which Carter pled in Cause No. F4-7 included each of the five previously charged burglaries. By pleading to this one count, Carter admitted to committing each of the five burglaries.

others and the laws of this State. Carter has failed to persuade us that his aggregate twelve-year sentence is inappropriate.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.