## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2017, 8:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Severo A. Reza,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 14, 2017

Court of Appeals Case No.
20A04-1608-CR-1782

Appeal from the Elkhart Superior
Court

The Honorable Gretchen S. Lund,
Judge

Trial Court Cause No.
20D04-1602-F5-46

**Bradford, Judge.**

# Case Summary

[1] On February 11, 2016, a police officer responded to a vehicle crash and observed Appellant-Defendant Severo Reza smelling of alcoholic beverage, staggering while walking, and slurring his words. Reza also had glassy, bloodshot eyes. The officer checked Reza's driving record and learned that Reza was a habitual traffic violator. Reza subsequently pled guilty to one count of habitual traffic violator, a Level 5 felony, and one count of operating a vehicle while intoxicated ("OWI"), a Class A misdemeanor. The trial court sentenced him to the statutory maximum of 2190 days and 365 days for his offenses, respectively, to run concurrently. The last 365 days are suspended on reporting probation. Reza contends that his sentence is inappropriate in light of his character and the nature of his offense. We disagree and affirm the trial court's judgment.

# Facts and Procedural History

[2] On February 11, 2016, Reza operated a motor vehicle knowing his license had been permanently suspended pursuant to his habitual traffic violator status. Reza was then involved in an automobile accident that caused some level of damage, though the extent of that damage is unclear. At the time of the accident, Reza was operating the vehicle while intoxicated.

[3] Reza was subsequently convicted, pursuant to a guilty plea, of one count of habitual traffic violator, a Level 5 felony, and one count of OWI, a Class A misdemeanor. Reza did not have the benefit of a written plea agreement;

however, Appellee-Plaintiff the State of Indiana (hereafter "the State") did drop the habitual vehicular substance offender enhancement in exchange for the guilty plea.

[4] Reza received a sentence of 2190 days for the habitual traffic violator offense and 365 days for the OWI, to run concurrently. The trial court also ordered Reza to participate in CLIFF[1] or a similar therapeutic program, after which it would reconsider a modification of Reza's placement with the Indiana Department of Correction to community corrections.

## Discussion and Decision

[5] Reza contends that his aggregate 2190-day sentence is inappropriate, pursuant to Indiana Appellate Rule 7(B). In raising this contention, Reza argues that his sentence is inappropriate because he "has significant addiction issues, and his prior criminal history reflected his addiction issues with only substance abuse related offenses and traffic offenses throughout his past." Appellant's Br. p. 9. We disagree and affirm.

[6] Indiana Appellate Rule 7(B) allows this court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the

---

[1] CLIFF stands for Clean Life Is Freedom Forever, a substance abuse treatment program governed by the Indiana Department of Correction.

character of the offender." The defendant bears the burden of proving the sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). In attempting to do so, the court focuses "on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). This analysis spends less time on comparisons to other real or hypothetical cases. *Id.*

[7] With respect to the nature of Reza's offense, the record reveals that Reza admitted to driving a vehicle under the influence of alcohol while knowing that his license had been permanently suspended. In doing so, Reza endangered both himself and everyone in his immediate vicinity. While the resulting vehicular accident may have been small in impact, this court is reluctant to consider the nature of the offense lesser in magnitude merely because the defendant's actions did not cause a catastrophic harm. There has been no evidence offered to suggest that Reza took any action to mitigate the impact of the crash itself, only that he offered some level of contrition after the crash occurred. Furthermore, his testimony that he knew his driving license had been permanently suspended prior to getting in his car illustrates a culpable mindset at the time he entered his vehicle.

[8] Reza's character only offers further evidence that his sentence is appropriate. This is not Reza's first alcohol or driving-related offense. As mentioned earlier, Reza has previously been found to be a habitual traffic violator. In addition,

this is Reza's seventh OWI conviction. *Id.* at 4-8. Reza has also been previously convicted of public intoxication. *Id.* at 7. Reza has violated the terms of probation four times, terms of home detention once, and suggested treatment programs three times. *Id.* at 4-8. Furthermore, Reza has been arrested for alcohol-related offenses multiple occasions. While arrests do not establish evidence of further offenses, they do illuminate the response of the defendant when subjected to state authorities. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (providing that a defendant's record of arrest may demonstrate a lack of deterrence despite being subjected to the State's police authority).

[9] While it is true that each of these offenses relates only to either driving or substance abuse, that history provides exactly the reinforcing backdrop that indicates a likelihood to reoffend. Were this crime to arise from a different nature, those offenses might show an inconsistent pattern of behavior unrelated to the current offense, but Reza's pattern of offenses shows a consistent disregard for the specific area of the law in question.

[10] The defense pointed out that this pattern of behavior likely stems from a young age. Reza began abusing alcohol as early as age thirteen, and lost his father at sixteen to liver problems stemming from alcohol abuse. Be that as it may, Reza's record of conduct points only to a character unconcerned with the legal consequences of his consistent abuse of alcohol and driving privileges. The Indiana Risk Assessment System placed Reza in the "HIGH" risk category to reoffend. Appellant's App. Vol. III p. 11. As a result, this court concludes that

Reza has failed to prove that his sentence is inappropriate in light of the nature of his offenses and his character.

# Conclusion

[11]   For the aforementioned reasons, the nature of Reza's offenses and his character do not provide a sufficient basis to establish that his sentence is inappropriate.

[12]   The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.