## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique L. Gooden, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 12, 2017 <br><br> Court of Appeals Case No. 02A04-1708-CR-1997 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1512-F5-360 |

**Bradford, Judge.**

# Case Summary

[1] On at least four separate occasions, Appellant-Defendant Dominique L. Gooden either attempted to take or assisted in an attempt to take meat products from a Kroger store located in Allen County without paying for the products. Appellee-Plaintiff the State of Indiana ("the State") subsequently charged Gooden with one count of Level 5 felony corrupt business influence. On December 28, 2015, Gooden pled guilty as charged. Following her guilty plea, Gooden was placed in the Drug Court Diversion Program ("DCDP"). Gooden's participation in the DCDP was ultimately terminated, however, after Gooden committed numerous violations of the rules of the program. Gooden was then sentenced to a four-year executed term in connection to the underlying felony conviction. Gooden challenges the appropriateness of this sentence on appeal. We affirm.

# Facts and Procedural History[1]

[2] On September 10, 2015, Gooden attempted to push a "cart full of meat products" out of the Kroger store without paying but abandoned the cart when she noticed that she was being watched by a store employee. Appellant's App. Vol. II–Confidential, p. 39. Gooden later admitted that she had attempted "to

---

[1] Initially, we note that we have not been provided with a copy of the transcript of the guilty plea hearing, which would contain the factual basis to support Gooden's conviction, on appeal. As such, for the purpose of providing context to the reader, we will state the facts as they are set forth in the probable cause affidavit which supported the filing of the underlying charge.

take a cart full of meat and other miscellaneous food items out of the front entrance doors but was spooked by an employee standing at the doors." Appellant's App. Vol. II–Confidential, p. 40. After becoming "spooked," Gooden "abandoned the cart and left the store." Appellant's App. Vol. II–Confidential, p. 40. Gooden claimed that she had attempted to take the items because she "did not have money and had to feed her kids." Appellant's App. Vol. II–Confidential, p. 40.

[3] On September 15, 2015, Gooden's mother, Jody, was stopped by a Kroger Loss Prevention Specialist as she exited the Kroger with a cart full of meat products. The value of these meat products was $477.26. When asked to verify the purchase, Jody pushed the cart towards the Loss Prevention Specialist and ran to the vehicle in which Gooden was waiting. Gooden then drove away. Gooden later admitted that she had driven Jody to the store for the purpose of stealing items from the store and that Jody "gave her money to drive her" to the store. Appellant's App. Vol. II–Confidential, p. 40.

[4] Two days later, on September 17, 2015, Jody and a female associate pushed a cart containing approximately $600.00 worth of meat products out of the Kroger without paying for the items. Jody and the associate pushed the cart to the vehicle in which Gooden was waiting. Gooden later admitted that she assisted with the theft by helping Jody and the associate load the stolen items into the vehicle.

[5]     Gooden, Jody, and the associate returned to the Kroger on September 18, 2015. Jody and the associate entered the store, filled a cart with $632.31 worth of meat products, pushed it out of the store without paying, and walked to the vehicle in which Gooden was waiting. Before the women could leave the Kroger parking lot, an officer arrived and arrested Jody and the associate.

[6]     On December 17, 2015, the State charged Gooden with one count of Level 5 felony corrupt business influence. On December 28, 2015, Gooden entered into a plea agreement under the terms of which Gooden pled guilty as charged, her guilty plea was taken under advisement, and she was placed in the DCDP. After being placed in the DCDP, Gooden accumulated ten positive drug screens, failed to appear for one drug screen, and received seven sanctions including community service and jail time for periods ranging from two to seven days. Additionally, on June 24, 2017, Gooden intentionally overdosed on heroin and was hospitalized at Parkview Behavioral Health. She was released from the hospital two days later on June 26, 2017.

[7]     On July 10, 2017, the State filed a verified petition seeking to terminate Gooden's participation in the DCDP after Gooden again violated the rules of the DCDP by purchasing and ingesting heroin, testing positive for morphine and codeine on a urine screen taken on June 27, 2017, and failing to comply with medication-assisted treatment. The trial court subsequently revoked Gooden's placement in the DCDP, stating "[w]ell, we're way past second chances … I mean we're into double digit second chances[.]" Tr. Vol. II, pp. 9–

10.  After revoking Gooden's placement in the DCDP, the trial court sentenced Gooden to a four-year executed term of imprisonment.  This appeal follows.

# Discussion and Decision[2]

[8]  Gooden contends that her four-year sentence is inappropriate in light of the nature of her offense and her character.  Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'"  *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*).  The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[9]  In this case, Gooden pled guilty to Level 5 felony corrupt business influence. Indiana Code section 35-50-2-6(b) provides that "[a] person who commits a

---

[2]  To the extent that Gooden attempts to challenge her conviction for corrupt business practices, such a challenge cannot succeed because Gooden waived the right to challenge her sentence by pleading guilty.  *See Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (providing that when a defendant pleads guilty, he waives the right to appeal his conviction).

Level 5 felony … shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." The four-year sentence imposed by the trial court falls within the statutorily-accepted range for a Level 5 felony.

[10] With respect to the nature of Gooden's offense, the record reveals that Gooden was confirmed to have taken part in at least four thefts or attempted thefts from Kroger. The thefts and attempted thefts took place over an eight-day period and involved at least $1700.00 worth of meat products belonging to Kroger. While Gooden claimed that she only participated in the thefts and attempted thefts so to feed her children, the significant amount of meat products which Gooden, Jody, and their associate attempted to steal far exceeds the amount necessary to feed Gooden's family. Further, we are unconvinced by Gooden's claim that her actions were not serious merely because her victim, *i.e.*, Kroger, is a large corporation.

[11] With respect to Gooden's character, the record reflects that the instant thefts and attempted thefts were not Gooden's first encounter with the criminal justice system. Gooden was alleged to have committed delinquent behavior on three separate occasions as a juvenile. Although she was never adjudicated to be a delinquent child, she was given informal adjustments in these cases, placed on administrative probation, and ordered to participate in community service. As an adult, Gooden has been convicted of Class D felony resisting law enforcement, two counts of Class D felony receiving stolen property, and Class A misdemeanor driving while suspended. In fact, the record reflects that

Gooden was on probation for the Class D felony receiving stolen property convictions at the time she committed the criminal acts at issue here. Gooden has also failed to benefit from numerous attempts at substance abuse rehabilitation and failed to comply with the terms of her participation in the DCDP.

[12] Gooden was initially given the opportunity to avoid incarceration and was presented with the opportunity to seek rehabilitation through her placement in the DCDP. The record clearly reveals that both this and other prior attempts at rehabilitation have failed. In addition, the Indiana Risk Assessment System-Community Supervision Tool indicates that Gooden is a "high" risk to reoffend. Appellant's App. Vol. II–Confidential, p. 34.

[13] Upon review, we conclude that Gooden has failed to convince us that her four-year sentence is inappropriate in light of the nature of her offense and her character. As such, we affirm the judgment of the trial court.

[14] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.