## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2020, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Hicks,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 21, 2020

Court of Appeals Case No.
19A-CR-1745

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Pro Tempore

Trial Court Cause No.
49G05-1208-FA-55873

**Tavitas, Judge.**

# Case Summary

[1] Derrick Hicks brings this belated appeal of his eighty-four-year aggregate sentence for attempted child molesting, a Class A felony; two counts of child molesting, Class A felonies; child molesting, a Class C felony; rape, a Class B felony; two counts of incest, Class B felonies; and battery, a Class D felony. We affirm.

# Issue

[2] The sole issue on appeal is whether Hicks' sentence is inappropriate in light of the nature of the offenses and his character.

# Facts

[3] The factual basis entered during Hicks' guilty plea hearing of August 7, 2014, provided as follows: in 2006, Hicks was awarded primary custody of his daughter, M.W., who moved into Hicks' Speedway residence. Over the ensuing four years, Hicks molested M.W. on a weekly basis. On the first occasion, which occurred when M.W. was eight years old, Hicks touched M.W.'s genitals over and under her clothing and attempted to insert his penis in M.W.'s vagina.

[4] When M.W. was ten years old, Hicks forced M.W. to submit to sexual intercourse. On that occasion, M.W. attempted to shield her vagina from Hicks, but Hicks hit M.W.'s face with a closed fist and forced his penis into her vagina. Hicks had sexual intercourse with M.W. a minimum of twenty times in Marion County. M.W. became pregnant when she was eleven years old.

[5] In September 2010, Hicks moved with M.W. to East Chicago in Lake County.[1] In December 2010, when M.W. was twelve years old, M.W. gave birth to a child, L.W. After L.W.'s birth, Hicks continued to molest M.W.

[6] In June 2012, DNA testing established, by a 99.9999% probability, that Hicks is L.W.'s biological father. On June 30, 2012, Lake County officials charged Hicks with various offenses stemming from his East Chicago crimes against M.W. in 2010. Hicks pleaded guilty to child molesting, a Class A felony; incest, a Class B felony; and sexual misconduct with a minor, a Class D felony. In June 2013, Hicks was sentenced to an aggregate term of fifty years in the Department of Correction ("DOC").[2] Hicks was found to be an habitual offender, and his sentence was enhanced by thirty years. We affirmed Hicks' sentence for the Lake County offenses. *See Hicks v. State*, No. 45A03-1307-CR-265, slip op. at 1 (Ind. Ct. App. April 29, 2014).

[7] On August 13, 2012, Marion County officials charged Hicks with attempted child molesting, a Class A felony; two counts of child molesting, Class A felonies; rape, a Class B felony; two counts of incest, Class B felonies; child molesting, a Class C felony; and battery, a Class D felony, for offenses that Hicks committed against M.W. in Marion County from 2006 to 2010.

---

[1] The probable cause affidavit provides that, in October 2010, after Hicks and M.W. moved to East Chicago, the Indiana Department of Child Services received a tip that Hicks was molesting M.W. and that M.W. was pregnant with Hicks' child. *See* Appellant's App. Vol. II p. 18.

[2] Lake County officials dismissed the remaining counts—intimidation, battery resulting in bodily injury, and obstruction of justice, as Class D felonies—in exchange for Hicks' plea.

[8] On August 7, 2014, the date of Hicks' scheduled jury trial in Marion County, Hicks pleaded guilty to all counts without a plea agreement and admitted that the State's factual basis was accurate. On September 9, 2014, the trial court imposed an eighty-four-year aggregate sentence, to be served in the DOC consecutively to Hicks' sentence for the Lake County offenses.

[9] Hicks subsequently appealed his Marion County convictions and sentence. In an unpublished memorandum decision, we found that we could not address Hicks' only valid[3] claim—the alleged inappropriateness of his sentence—due to errors in the trial court's sentencing order. *See Hicks v. State*, No. 49A02-1504-CR-195, slip op. at 1 (Ind. Ct. App. November 25, 2015). We remanded to the trial court to correct its sentencing order, which occurred on March 16, 2016. Hicks sought leave to file a belated appeal on June 28, 2019, which was granted. Hicks now appeals.

## Analysis

[10] Hicks argues that his eighty-four-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Specifically, Hicks asks us to modify his sentence to run concurrently with his Lake County sentence.

[11] Indiana Appellate Rule 7(B) provides that this Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we

---

[3] We deemed Hicks' challenge to his convictions on double jeopardy grounds to be waived because he pleaded guilty.

find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied.*

[12] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders*, 71 N.E.3d at 844 (citing *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)). When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081.

[13] Here, Hicks was convicted of attempted child molesting, a Class A felony; two counts of child molesting, Class A felonies; child molesting, a Class C felony; rape, a Class B felony; two counts of incest, Class B felonies; and battery, a Class D felony.

- The sentencing range for a Class A felony is a fixed term of between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. For Hicks' three Class A felony convictions, the trial

court imposed a thirty-year advisory sentence; an enhanced forty-five-year sentence; and a maximum, fifty-year sentence.

- The sentencing range for a Class B felony is a fixed term of between six and twenty years, with the advisory sentence being ten years. I.C. § 35-50-2-5. On Hicks' three Class B felony convictions, the trial court imposed two enhanced, seventeen-year sentences and one maximum, twenty-year sentence.

- The sentencing range for a Class C felony is a fixed term of between two and eight years, with the advisory sentence being four years. I.C. § 35-50-2-6. The trial court imposed an enhanced, six-year sentence for Hicks' Class C felony conviction.

- The sentencing range for a Class D felony is between six months and three years, with an advisory sentence of one and one-half years. I.C. § 35-50-2-7. As to Hicks' Class D felony conviction, the trial court imposed a maximum, three-year sentence.

The trial court, thus, enhanced the sentences on seven of Hicks' eight convictions, including three maximum sentences. In all, Hicks faced a maximum aggregate sentence of two hundred and twenty-one years. The trial court, by application of concurrent and consecutive terms, imposed an eighty-four-year aggregate sentence.

[14] Our analysis of the "nature of the offense" requires us to look at the extent and depravity of the offense rather than comparing the facts at hand to other cases. *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002). The nature of the instant offenses is as follows: for a four-year period beginning in 2006, Hicks molested his biological daughter, M.W., and committed incest with her in Marion County. When M.W. was eight years old, Hicks fondled her genitalia and attempted to have sexual intercourse with her. Thereafter, Hicks molested M.W. on a weekly basis. When M.W. was ten years old, Hicks again initiated

sexual intercourse with M.W., struck M.W.'s face with his closed fist when she resisted, and raped M.W. M.W. became pregnant when she was eleven years old and gave birth to L.W. when M.W. was twelve years old. DNA testing conclusively identified Hicks as L.W.'s father. The depravity and extent of Hicks' crimes support the eighty-four-year aggregate sentence.

[15] Our assessment of the character of an offender requires us to consider the defendant's age, criminal history, background, and remorse. *James v. State*, 868 N.E.2d 543, 548-59 (Ind. Ct. App. 2007). Regarding Hicks' character, we initially note that, at the sentencing hearing, the State argued that Hicks was among the worst of the worst offenders. We, first, gain insight into Hicks' character from his own willful and protracted misconduct. After Hicks was awarded custody of then-eight-year-old M.W., he violated his position of trust as a parent when he molested, intimidated, forcibly raped, and impregnated M.W. As unfathomable as it is that a father could visit these horrors on his child, Hicks was undeterred by either conscience or by the consequence of M.W.'s pregnancy. The record reveals that Hicks simply moved with M.W. to Lake County, where Hicks resumed his sexual abuse of M.W. after M.W. gave birth. Hicks' unthinkable acts reflect poorly upon his character.

[16] We can also garner insight into Hicks' character from his prior criminal history. *See Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014) ("Even a minor criminal history is a poor reflection of a defendant's character."). According to the presentence investigation report, Hicks has been involved with the criminal justice system since he was twenty years old. Hicks was forty years old when

he was sentenced for the instant offenses and has amassed five misdemeanor and thirteen felony convictions, including the instant offenses and the Lake County offenses.[4]  In addition to the Lake County and Marion County convictions, Hicks's prior criminal history includes convictions for battery resulting in bodily injury, a Class A misdemeanor (1993); residential entry, a Class D felony (1994); domestic violence, a misdemeanor[5] (1996); assault with a dangerous weapon, a felony[6] (1997); and conversion, a Class A misdemeanor (2009).  Hicks' failure to be deterred from criminal activity by contacts with the justice system shows his disdain for the rule of law and reflects poorly on his character.

[17]  We glean even further insight into Hicks' character from his background, which includes years of untreated alcoholism.  In his brief, Hicks readily attributes his horrific acts to his addiction.  *See* Appellant's Br. pp. 11, 15 ("[Hicks'] crimes were facilitated by an alcohol problem, which problem he admits, but he has never had treatment.").  Assuming that alcoholism played any role in Hicks' Marion County offenses against M.W., Hicks' failure to pursue treatment reflects poorly on his character.  *See Bryant v. State,* 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) (holding that the trial court did not err in finding substance

---

[4] At the sentencing hearing, Hicks disputed three convictions that were included on the State's presentence investigation report, and the trial court "note[d] [ ] that [Hicks] denie[d] the convictions." Tr. Vol. II p. 25. We have not included the disputed convictions in our assessment of Hicks' criminal history.

[5] The misdemeanor designation for this offense is unclear from the record.

[6] The felony designation for this offense is unclear from the record.

abuse to be an aggravating factor where defendant was aware of—yet took no actions to treat—his addiction).

[18] Based on the foregoing, we cannot say that Hicks' aggregate eighty-four-year sentence is inappropriate in light of the nature of his offenses and his character.[7]

## Conclusion

[19] Hicks' sentence is not inappropriate in light of the nature of his offenses and his character. We affirm.

[20] Affirmed.

Najam, J., and Vaidik, J., concur.

---

[7] We are not moved by Hicks' repeated contention that "the trial court here took into account the conduct that occurred in Lake County." Hicks' Br. p. 18. Our review of the trial court's sentencing statement reveals a well-considered approach to sentencing, for the Marion County offenses, that specifically accounted for the fact that the Lake County court already "used the conception of [L.W.] to aggravate that [ ] sentence[.]" *See* Tr. Vol. II p. 34.